**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **K.R., N.R., and S.R.**

**No. 21-0955** (Raleigh County 20-JA-069, 20-JA-070, and 20-JA-071)

## MEMORANDUM DECISION

Petitioner Mother B.R., by counsel Latachia Miller, appeals the Circuit Court of Raleigh County's October 28, 2021, order terminating her parental rights to K.R., N.R., and S.R.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Katherine A. Campbell, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Todd A. Kirby, filed a response on the children's behalf in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights and failing to consider less-restrictive dispositional alternatives.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Prior to the instant proceedings, the DHHR removed the children from petitioner's custody due to allegations of mental and emotional injury and a failure to supply necessary shelter for the children in May of 2019. Petitioner was granted and completed an improvement period. As a result, the children were returned to her custody in March of 2020.

In May of 2020, the DHHR filed a child abuse and neglect petition alleging that petitioner admitted to abusing methamphetamine and permitting other methamphetamine users to supervise her children. The DHHR alleged that petitioner's home contained drug paraphernalia

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

that was in reach of the children, who were all three years old or younger at the time the petition was filed. The DHHR implemented an in-home safety plan, utilizing petitioner's relatives to perform daily check-ins on petitioner and the children. Within a week of the implementation of that plan, the DHHR received a report that petitioner's ex-boyfriend was arrested at petitioner's home. Petitioner admitted that she lied to law enforcement, falsely stating that she did not know whether her ex-boyfriend was in her apartment. Petitioner stated that the children were asleep in their bedroom when her ex-boyfriend locked himself in their room, where he was later arrested. Further, petitioner stated that she could not keep her children safe due to her drug use and requested the children be removed from her custody. When the DHHR removed the children from petitioner's custody, they were dressed in clothes that were "substantially too small" and their faces, hands, and feet were stained "with what appeared to be dirt and food." Petitioner waived her preliminary hearing.

The circuit court held an adjudicatory hearing in July of 2020, during which petitioner stipulated to the allegations of unsuitable housing and substance abuse that resulted in the threat of harm to her children. The circuit court adjudicated petitioner as an abusing parent and the children as neglected children. Petitioner moved for a post-adjudicatory improvement period, which the circuit court granted. As terms for her improvement period, petitioner agreed to participate in adult life skills and parenting classes, an inpatient substance abuse treatment program, random drug screenings, and a parental fitness evaluation. Petitioner's family case plan also required her to maintain suitable housing and gainful employment.

Over the next several months, petitioner substantially complied with the terms of her improvement period. Petitioner was granted a three-month extension to her post-adjudicatory improvement period in December of 2020, and she completed a twenty-eight-day inpatient substance abuse treatment program in January of 2021. In March of 2021, the circuit court heard evidence that petitioner continued to substantially comply with the terms of her improvement period. Finally, in May of 2021, the circuit court extended petitioner's improvement period an additional forty-five days, with an expectation that the children would be reunified with her during this time period.

However, in July of 2021, the DHHR noted some concerning behavior, suspended reunification with petitioner, and informed the court that it intended to file an amended petition with new allegations. The amended petition, filed in August of 2021, alleged that the DHHR received a referral that N.R. returned from a weekend visit with petitioner to his foster home with bruises. The referral stated that K.R. observed petitioner's boyfriend, J.H., spank N.R. as discipline. According to the DHHR, both petitioner and J.H. admitted to spanking N.R. but did not believe the spanking caused the bruising. The children were forensically interviewed and did not disclose any information regarding the bruising. However, the forensic interviewer expressed concerns with the children's hesitation while answering questions.

The circuit court convened for a hearing in September of 2021. Petitioner did not appear, but counsel represented her. The DHHR reported that petitioner had not participated in random drug screening or visitations with the children since the July of 2021 hearing. Further, the DHHR reported that petitioner was not responding to attempted contacts from the service providers. The circuit court continued the hearing.

The circuit court held the final dispositional hearing in October of 2021. Petitioner did not appear, but counsel represented her. The DHHR reported that it had had no contact with petitioner since the July of 2021 hearing. Petitioner had not submitted to a random drug screen since June 22, 2021, and she had not participated in any supervised visitation since July of 2021. Petitioner's counsel proffered that petitioner had not been in contact with her, despite multiple attempts to reach her.

Ultimately, the circuit court found that petitioner had notice of the hearings and absented herself from the proceedings. It found that petitioner failed to maintain contact with the DHHR, her counsel, and the guardian. The court further found that the DHHR proved by clear and convincing evidence that petitioner demonstrated an intent to abandon her responsibilities as a parent to the children and that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future. The circuit court concluded that there was no less restrictive alternative to termination of petitioner's parental rights and that termination of her rights was in the children's best interests. Accordingly, the circuit court terminated petitioner's parental rights to the children by its October 28, 2021, order. Petitioner now appeals that order.[2]

The Court has previously held:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her parental rights because the evidence shows that there was a reasonable likelihood that she could substantially correct the conditions of neglect and abuse in the near future. She argues that she made

---

[2]The fathers' respective parental rights have been terminated. According to the parties, the permanency plan for the children is adoption in their current foster placement.

substantial progress during the proceedings by completing a substance abuse treatment program, participating in parenting classes, attending her parental fitness evaluation, and remaining substance free. Petitioner asserts that she was likely to reunify with the children until the DHHR moved to file an amended petition regarding possible physical abuse of the children. Petitioner makes the unsupported assertion that these allegations "could have been a successful attempt by the foster placement to keep the children with them." Petitioner places full blame of her sudden absence in the proceedings on the DHHR filing the amended child abuse and neglect petition. We find petitioner's arguments unpersuasive.

Pursuant to West Virginia Code § 49-4-604(c)(6), a circuit court may terminate a parent's parental rights upon finding that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the children. West Virginia Code § 49-4-604(d)(4) provides that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when the abusing adult has "abandoned the child[ren]." "Abandonment" is defined as "any conduct that demonstrates the settled purpose to forego the duties and parental responsibilities to the child[ren]." W. Va. Code § 49-1-201.

Here, the evidence supports a finding that petitioner abandoned the children in the DHHR's custody. From July of 2021 through October of 2021, petitioner had no contact with the DHHR and did not participate in any reunification services, including visitation with the children. After July of 2021, there is no evidence that petitioner inquired about the children's wellbeing while in the DHHR's care or requested any contact with the children. The circuit court found that petitioner demonstrated an intent to abandon her responsibilities to the children, and, upon our review, that finding is fully supported by the record. Therefore, the circuit court did not err in finding that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future.

Petitioner also argues that the circuit court erred in failing to consider a less-restrictive dispositional alternative. However, we note that the court found that termination was the least restrictive dispositional alternative. By all accounts, petitioner absented herself from the proceedings below without explanation or any cause to believe that she would return. A less-restrictive dispositional alternative would have delayed permanency for these children, perhaps even indefinitely, for a parent that was not willing to provide the children any support. Moreover, we have held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Because the circuit court correctly found that there was no reasonable likelihood that the conditions of neglect or abuse

could be substantially corrected in the near future, it was within its discretion to terminate petitioner's parental rights to the children. Petitioner is entitled to no relief in this regard.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 28, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: April 14, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment